## Court of Appeals.

February, 1901.

## THE PEOPLE v. PATRICK H. MAINE

(166 N. Y. 50.)

1. MANSLAUGHTER—EVIDENCE.

Upon a trial for manslaughter where accused had, upon seeing his brother fighting with two persons, rushed in and stabbed one fatally, the People were permitted to prove such acts and declarations of the brother in the absence of defendant as tended to show that the former invited the fight and was the aggressor. Held error, as defendant must be judged solely with reference to the situation as it was when he first and afterwards saw it.

2. SAME—APPEAL.

Whether it was possible or not, with the evidence out, for the jury to reach any other conclusion, is for the jury to decide. And such error calls for a reversal by the appellate division.

APPEAL from an order of the appellate division of the supreme court in the third judicial department, entered May 18, 1900, affirming a judgment of the Chemung county court convicting the defendant of the crime of manslaughter in the second degree, and an order denying a motion for a new trial.

The facts so far as material, are stated in the opinion.

Richard H. Thurston, for appellant.

Franklin F. Aldridge, for respondent.

LANDON, J.—The defendant was convicted of manslaughter in the second degree. The evidence tended to show that between twelve and one o'clock on the morning of May 29th, 1898, the defendant was walking northerly on the easterly side of Sullivan street, in the city of Elmira, toward his home on that street, and upon approaching the corner of Second street, which intersects Sullivan street, he heard noises as of an altercation, and upon coming nearer he saw his brother, John Maine, just south of the south crosswalk at the junction of Second and Sullivan streets, engaged in a fight with two other persons, one the deceased, James Murphy, and the other, Frank Bower. The defendant had but one hand, his right arm having been amputated at the wrist several years before. He instantly crossed Sullivan street, and went to help his brother, calling out to his brother's assailants to let him alone or they would get cut or stabbed. He drew out his pocket or jack-knife, having a single blade two and a quarter inches long, opened it with his teeth, and rushing into the fight, engaged with Murphy, and in the contest struck him a single blow with his knife; the blade reached his heart and caused his death a few minutes later. The defense was justifiable homicide in that the defendant had reasonable ground to apprehend a design on the part of Murphy to do some great personal injury to his brother, and that there was imminent danger of such design being accomplished (Penal Code, § 205), and also,

having lawfully gone to his brother's relief, he became involved in the like danger and had the like right to defend himself. The evidence on the part of the defendant was directed to the support of this defense. The fight between John Maine and the deceased and Bowers was active for a minute before the defendant came up and discovered that his brother was engaged in it.

The evidence tends to show that the altercation between John Maine and the deceased and Bower began on Second street, 218 feet south of its intersection with Sullivan street. The defendant assigns error, and we think properly, in that the People were permitted to prove, notwithstanding the defendant's objection, such acts and declarations of John Maine in the absence of the defendant and before he came upon the scene, as tended to show that John Maine invited the fight and was the aggressor. Of course the acts and conduct of the defendant must be judged solely with reference to the situation as it was when he first and afterwards saw it. If the jury should conclude from the evidence given by the People that his brother was the aggressor, that conclusion would naturally prejudice them against the justification attempted by the defendant. At least we cannot say that it would not. The learned county judge held that this testimony was about the *res gestæ*. So it was as to John Maine, but not so as to the defendant, and he should not be thus united in blame with his brother.

The learned appellate division held it to be error to admit this evidence, but that was not ground for reversal because " with this evidence out, no other conclusion on the part of the jury was possible " than the guilt of the defendant. But whether it was possible or not, with this evidence out, was for the jury to decide, and this they have not yet done, and it is the defendant's right that they should do it. Howell v. People, 5 Hun, 620; affirmed, 69 N. Y. 607. The evidence was material and of a tendency prejudicial to the substantial rights of the defendant. Code Crim. Pro., § 542. Within the rule

recently reasserted in People v. Koerner, 154 N. Y. 355, the error calls for a reversal.

Exceptions were taken to the indictment and to rulings upon the qualifications of jurors, which we do not sustain. The other exceptions relate to matters which, in view of a new trial, need not be discussed.

The judgment of conviction and sentence should be reversed and a new trial ordered.

PARKER, Ch. J., HAIGHT, MARTIN, VANN and CULLEN, JJ., concur; BARTLETT, J., not sitting.

Judgment of conviction reversed, etc.