## Court of Appeals.

July, 1901.

## THE PEOPLE v. JOSEPH LACHELLO

(168 N. Y. 35.)

1. MURDER—EVIDENCE.

The defendant, after a quarrel with his brother-in-law, M., and a fight in which he claimed he had been stabbed by M., crossed the street to the M. house, and meeting his mother-in-law on the stairs stabbed her fatally. He claimed that he went for the purpose of cutting M., but not to kill him, saw a shadowy form behind the door and thinking it to be M., struck. There was some ill feeling between them. Held the court was justified in submitting the case to the jury.

2. SAME—CHARGE.

The court in charging the jury said, "You must consider all the circumstances, the force of the blow * * * and that the blow was in fact a fatal blow." On exception the judge stated that he did not mean to say that it was struck at a vital part as a matter of fact; that that was a question for the jury—and he modified his charge accordingly. Held a proper statement of the law as to the duty of jurors.

4. SAME.

The court charged "the fact that the stabbing which resulted in the death of Caroline Muccio was done by this defendant, whatever doubt there might have been at the close of the case for the People, is set at rest by the defendant's own testimony. Had that been contested, then the fact that the defendant fled and evaded capture would be a serious consideration throwing light upon that inquiry. The question of motive would also, in that case, be very important; but where it is absolutely proved that the defendant struck the blow, considerations of that character sink into minor consequences. There is strictly but one other inquiry and that is the intent which was in his mind when he did it." Held that the court did not, by this charge, eliminate the question of motive from the case.

4. SAME.

The judge refused to charge as requested on the ground that certain words were lacking in the request which were really contained in it, but were overlooked by him. Held that as no harm was done the jury being advised by what was said and took place as to the true rule of law, no reversible error was committed.

APPEAL from a judgment of the supreme court, rendered at a trial term for the county of Richmond, March 28, 1900, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

William M. Mullen and Frederick S. Mullen for appellant.

Edward Sidney Rawson and Sidney F. Rawson for respondent.

HAIGHT, J.—The facts, as disclosed by the evidence, are in substance as follows: On the evening of the 10th day of January, 1900, the defendant, an Italian, with several other

men, were in the house of one Carsel on Hannah street, Tompkinsville, Staten Island, engaged in playing a game called "fingers." There was present among the men one Charles Muccio a brother-in-law of the defendant, who won a game. It appears that when a game was won the winner served the beer. In serving the beer Muccio did not give any to the defendant. Soon after, the defendant won a game and he in serving the beer did not deliver any to Muccio. The defendant then won another game and during the serving of that round of beer a quarrel broke out between Charles Muccio and the defendant, resulting in their going out of the house for a fight. They shortly returned and the defendant claimed that he had been stabbed by Muccio under the arm and blood was observed upon his hand and clothing. Muccio then disappeared and within a few minutes thereafter the defendant left the Carsel house with a knife in his hand, crossed the street to the Muccio house, opened the door, entered the hall and proceeded up the stairs until he met Caroline Muccio, his mother-in-law, who was on the third or fourth step from the top of the stairs in the act of descending. He then struck her with his knife below the left shoulder, the blade penetrating the lung and heart at a depth of seven inches or more, in consequence of which she died within a few minutes. The defendant immediately after striking the blow ran out of the house into the street and thence to a lumber yard upon the beach where he appears to have hid for some time, and where his knife was subsequently found. Some hours afterward he was discovered at another place and arrested. His own version of the transaction, as related upon the witness stand, only differs from that given by the other witnesses in the following particulars. He tells us that went to the house for the purpose of cutting Charley Muccio, the same as Muccio had cut him, and that he did not intend to kill him; that on entering the house he saw a shadowy form behind the door and thinking that it was Muccio he struck him, and that he did not know that it was Mrs. Muccio until he heard the woman scream; that

he had no hard feelings against her; that he was only mad at Muccio, and at the time that he struck he was afraid that Muccio had a knife and was going to stab him before he could get out of the hall, and that he struck in self-defense. He denies that he went up stairs and that the stabbing took place on the stairs. It further appears from the evidence that sometime before there was a civil marriage between the defendant and a daughter of Mrs. Muccio, but that they had never lived together, the parents objecting until there was a marriage in the church. Some of the evidence tends to show ill-feeling against the family on the part of the defendant, growing out of this relation, and that he made some threats against the parents.

The evidence justified the court in submitting the case to the jury and is sufficient to sustain the verdict rendered. The real contest upon the trial was as to whether the crime committed was murder in the first degree. Complaint is now made that the defendant did not have a fair trial. We have carefully read the evidence and examined the charge of the learned trial judge, and are of the opinion that there is no just cause for complaint. The court appears to have submitted all of the questions of fact in controversy to the jury for its determination, especially that involving the intent of the defendant in the doing of the act and as to whether there was deliberation and premeditation sufficient to constitute the crime. The fact, doubtless, was as claimed by the defendant, that he went to the Muccio house for the purpose of stabbing Muccio and not his mother-in-law. On entering the house, the fact is conceded that he stabbed his mother-in-law instead of Muccio. The testimony of all the witnesses, except that of the defendant himself, is to the effect that he met Mrs. Muccio upon the stairs and stabbed her there. Whether he mistook her for Charles Muccio or found her in the way barring his progress to Muccio and then decided to remove her, or whatever his purpose and intent was, the question was for the jury to determine under the circumstances.

The court instructed the jury that " In determining whether there was an intent to kill, you must consider all of the circumstances, the force of the blow, its direction, the fact that it was aimed at a vital part, the depth of the wound and that the blow was in fact a mortal blow." An exception was taken to that part of the charge which instructed the jury in effect that it could take into consideration the fact that the blow was struck at a vital part. Thereupon the judge corrected his charge by stating that he did not mean to say that it was struck at a vital part as a matter of fact; that that was a question for the jury, and he modified his charge accordingly. The charge, as modified, appears to us to have been a proper statement of the law as to the duty of the jurors.

The court, in its charge, stated: " The fact that the stabbing which resulted in the death of Caroline Muccio was done by this defendant, whatever doubt there might have been at the close of the case for the People, is set at rest by the defendant's own testimony. Had that been contested, then the fact that the defendant fled and evaded capture would be a serious consideration throwing light upon that inquiry. The question of motive would also, in that case, be very important; but where it is absolutely proved that the defendant struck the blow, considerations of that character sink into minor consequences. There is strictly but one other inquiry, and that is the intent which was in his mind when he did it." Complaint is made with reference to this charge as in effect eliminating the question of motive from the case. We do not think that the court so intended or that the charge should be so construed. What the court evidently intended was that the killing, being conceded by the defendant, motive was of minor consequence or was not essential as bearing upon the *corpus delicti*. This is evident from the fact that the court immediately proceeded to submit to the jury the question of the intent with which the act was committed, and upon this subject very fully called attention to all of the circumstances under which the act was claimed to have taken place, including that of fear of

great bodily harm from Charles Muccio, together with the purpose and motive under which the defendant claimed to have been acting. All of this was fully considered in determining whether the killing was justifiable or as to whether it was done with deliberation and premeditation.

At the conclusion of the case the defendant's counsel in a request to the court to charge enumerated all of the claims which the defendant had made with reference to the facts established by the evidence, as testified to by the defendant with reference to the justification of the defendant in acting under the belief that he was in great bodily danger, and concluded by asking the court to charge that, if the jury found these facts they must acquit. The court replied: " I will not charge that as you have read it, because it is an attempt to define what would be self-defense and it is lacking in this particular, that you have not inserted the elements of reasonable grounds for belief that he was in danger. You say ' fearing and believing that if he turned or attempted to go out of the door that the said form was so near to him that he would stab or seriously injure him before he could get out of the door.' He must have reasonable grounds for so believing. That is not in your proposition and so I refuse to charge it." The judge was mistaken. The words which he thought were lacking from the request were in the request, but they had not attracted the attention of the judge during its reading; but we think no harm was done. The only objection that the court made to the request was that it did not have inserted the element of reasonable grounds for believing that he was in danger. This was made clear by what the judge stated after the reading of the request had concluded. The defendant's counsel did not, as he should have done, call the attention of the judge to the fact that the request did incorporate these words, but allowed him to act upon the impression that they were not incorporated. The jury, however, by what was said and took place, were advised as to the true rule of law and as to what constituted a justification, and, consequently, no reversible

error was committed. There is still another answer to this contention, and that is that the judge had fully and correctly charged upon this subject before. There is no other question in the case calling for consideration here.

The judgment and conviction should be affirmed.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN, LANDON and CULLEN, JJ., concur.

Judgment of conviction affirmed.