Froessel, J. (dissenting).
Appellant was adjudged and sentenced as a second felony offender on the basis of a prior North Carolina conviction for the crime of manslaughter. In this coram nobis proceeding, he challenges the use of that conviction as a predicate for second felony offender treatment in this State.
In my opinion, appellant has successfully demonstrated that there are material differences between the definition of the crime of manslaughter under New York law (Penal Law, §§ 1049,1055) and North Carolina law (governed by its common law since it has no statute; State v. Benson, 183 N. C. 795). These differences support Ms contention that he could have been convicted in North Carolina on the basis of acts which would not support a conviction in this State.
*199 The majority recognize — and both parties have agreed — that in North Carolina there exists only a coextensive right of self-defense, i.e., an intervenor, who kills in the act of protecting another, has no right of defense superior to that which the protected person would have (State v. Cox, 153 N. C. 638). The law is otherwise in our own State, where a killing would be justifiable and not felonious, among other instances, if the defendant had reasonable ground to believe the victim was about to commit a felony, or do some great personal injury to himself or another in his presence, and there was imminent danger of the victim’s accomplishing such design (Penal Law, § 1055; People v. Maine, 166 N. Y. 50). A defendant’s rights are thus not coextensive with those of a person he may seek to protect; they may be greater, depending upon the circumstances at the time he perceived them.
The majority, however, attach no significance to this major difference in the law. In their view, this is merely a matter of defense and there has been no showing that appellant committed the killing in defense of himself or another. Whether or not this defense would be applicable under the actual circumstances of the killing with which defendant was charged, however, is immaterial since “ the operative facts which constitute the criminal offense as defined by the statute [in the case of North Carolina the decisional law], cannot be extended or enlarged by allegations in the indictment or by evidence at the trial ’ ’ (People v. Olah, 300 N. Y. 96, 99). For purposes of considering whether a foreign conviction may be the basis of multiple offender treatment in this State, a crime “is to be measured and limited by the statute [or case law] which defines it ” (id.).
In Olah, the defendant pleaded guilty to an indictment charging facts which in New York would have constituted a felony. We nevertheless held that his conviction could not be considered because the statute defining the crime in the foreign jurisdiction permitted a conviction for acts which in this State would not have constituted a felony. The factual circumstances of the defendant’s crime were held not relevant; the fact that the statute defined a crime so as to include acts which in this State would not give rise to a felony was deemed controlling.
So too in the instant case defendant could have been convicted of manslaughter under North Carolina law on the basis of facts *200 which in New York would have rendered the act justifiable homicide. It is erroneous to say, as do the majority, that the difference relates solely to a defense, and that the crime itself is defined in terms which in this State as well would constitute a felony. In North Carolina, manslaughter as noted is a common-law crime, and has been defined as “ the unlawful killing of a human being without malice and without premeditation ’ ’ (State v. Benson, 183 N. C. 795, 799, supra). In our own State, manslaughter is defined by statute as a homicide, other than murder, “not being justifiable or excusable” (Penal Law, § 1049).
In New York, therefore, the prosecution must establish, as one of the elements of the statutory crime of manslaughter, that the homicide (other than murder) is not “ justifiable or excusable ’ ’. To do so, it, and not the defendant, must negate the fact that the defendant reasonably perceived the imminent danger of the perpetration by the victim of a felony or the infliction by him of great personal injury upon defendant or another. (People v. Downs, 123 N. Y. 558; People v. Stern, 201 App. Div. 687, app. dsmd. 237 N. Y. 514.) In North Carolina the prosecution does not have this burden, since a homicide would not be justifiable under these circumstances.
By virtue of these differences in the law of North Carolina and New York, appellant is entitled to be resentenced as a first felony offender, and this is true regardless of the actual acts constituting the crime with which he was charged in the other jurisdiction. (People v. Olah, supra; People ex rel. Newman v. Foster, 297 N. Y. 27, 30.)
Accordingly, the orders below should be reversed and the matter remitted to Kings County Court, with directions to resentence defendant as a first felony offender.
Chief Judge Desmond and Judges Dye, Fuld and Foster concur with Judge Burke ; Judge Froessel dissents in an opinion in which Judge Van Voorhis concurs.
Order affirmed.