Fboessel, J. (dissenting).
The law is clear that one may kill in defense of another when there is reasonable, though mistaken, ground for believing that the person slain is about to commit a felony or to do some great personal injury to the apparent victim (Penal Law, § 1055); yet the majority now hold, for the first time, that in the event of a simple assault under similar circumstances, the mistaken belief, no matter how reasonable, is no defense.
Briefly, the relevant facts are these: On a Friday afternoon at about 3:40, Detectives Driscoll and Murphy, not in uniform, observed an argument taking place between a motorist and one McGriff in the street in front of premises 64 West 54th Street, in midtown Manhattan. Driscoll attempted to chase McGriff out of the roadway in order to allow traffic to pass, but McGriff refused to move back; his actions caused a crowd to collect. After identifying himself to McGriff, Driscoll placed him under arrest. As McGriff resisted, defendant ‘6 came out of the crowd ” from Driscoll’s rear and struck Murphy about the head with his fist. In the ensuing struggle Driscoll’s right kneecap was injured when defendant fell on top of him. At the station house, defendant said he had not known or thought Driscoll and Murphy were police officers.
Defendant testified that while he was proceeding on 54th Street he observed two white men, who appeared to be 45 or 50 years old, pulling on a “colored boy” (McGriff), who appeared to be a lad about 18, whom he did not know. The men had nearly pulled McGriff’s pants off, and he was crying. Defendant admitted he knew nothing of what had transpired between the officers and McGriff, and made no inquiry of anyone; he just came there and pulled the officer away from McGriff.
Defendant was convicted of assault third degree. In reversing upon the law and dismissing the information, the Appellate Division held that one is not “ criminally liable for assault in the third degree if he goes to the aid of another whom he mistakenly, but reasonably, believes is being unlawfully beaten, and thereby injures one of the apparent assaulters ” (emphasis supplied). While in my opinion the majority below correctly stated the law, I would reverse here and remit so that the *277 Appellate Division may pass on the question of whether or not defendant’s conduct was reasonable in light of the circumstances presented at the trial (Code Crim. Pro., §§ 543-a, 543-b).
As the majority below pointed out, assault is a crime derived from the common law (People v. Katz, 290 N. Y. 361, 365). Basic to the imposition of criminal liability both at common law and under our statutory law is the existence in the one who committed the prohibited act of what has been variously termed a guilty mind, a mens rea or a criminal intent (People v. Werner, 174 N. Y. 132, 134; People v. Flack, 125 N. Y. 324, 334, 339; Smith v. California, 361 U. S. 147, 150; Dennis v. United States, 341 U. S. 494, 500; Clark & Marshall, Crimes [5th ed.], § 38).
Criminal intent requires an awareness of wrongdoing. When conduct is based upon mistake of fact reasonably entertained, there can be no such awareness and, therefore, no criminal culpability. In People ex rel. Hegeman v. Corrigan (195 N. Y. 1, 12) we stated: “it is very apparent that the innocence or criminality of the intent in a particular act generally depends on the knowledge or belief of the actor at the time. An honest and reasonable belief in the existence of circumstances which, if true, would make the act for which the defendant is prosecuted innocent, would be a good defense.” (Emphasis supplied.)
It is undisputed that defendant did not know that Driscoll and Murphy were detectives in plain clothes engaged in lawfully apprehending an alleged disorderly person. If, therefore, defendant reasonably believed he was lawfully assisting another, he would not have been guilty of a crime. Subdivision 3 of section 246 of the Penal Law provides that it is not unlawful to use force “ When committed either by the party about to be injured or by another person in his aid or defense, in preventing or attempting to prevent an offense against his person, * * * if the force or violence used is not more than sufficient to prevent such offense ” (emphasis supplied). The law is thus clear that if defendant entertained an “ honest and reasonable belief ” (People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 12, supra) that the facts were as he perceived them to be, he would be exonerated from criminal liability.
By ignoring one of the most basic principles of criminal law — that crimes mala in se require proof of at least general criminal intent—the majority now hold that the defense of *278 mistake of fact is “ of no significance We are not here dealing with one of “ a narrow class of exceptions ” (People v. Katz, 290 N. Y. 361, 365, supra) where the Legislature has created crimes which do not depend on criminal intent but which are complete on the mere intentional doing of an act malum prohibitum (People v. Bellfield, 11 N Y 2d 947; People v. Munoz, 9 N Y 2d 51, 58; People v. Werner, 174 N. Y. 132, supra).
There is no need, in my opinion, to consider the law of other States, for New York policy clearly supports the view that one may act on appearances reasonably ascertained, as does New Jersey (State v. Chiarello, 69 N. J. Super. 479, motion for leave to app. den. 36 N. J. 30). Our Penal Law (§ 1055), to which I have already alluded, is a statement of that policy. The same policy was expressed by this court in People v. Maine (166 N. Y. 50). There, the defendant observed his brother fighting in the street with two other men; he stepped in and stabbed to death one of the latter. The defense was justifiable homicide under the predecessor of section 1055. The court held it reversible error to admit into evidence the declarations of the defendant’s brother, made before defendant happened upon the scene, which tended to show that the brother was the aggressor. We said (p. 52): “ Of course the acts and conduct of the defendant must be judged solely with reference to the situation as it was when he first and afterwards saw it.” Mistake of relevant fact, reasonably entertained, is thus a defense to homicide under section 1055 (People v. Governale, 193 N. Y. 581, 588), and one who kills in defense of another and proffers this defense of justification is to be judged according to the circumstances as they appeared to him (People v. Maine, supra; see People v. Perkins, 11 N Y 2d 195; Townsend v. United States, 95 F. 2d 352, 358, cert. den. 303 U. S. 664).
The mistaken belief, however, must be one which is reasonably entertained, and the question of reasonableness is for the trier y of the facts (People v. Ligouri, 284 N. Y. 309, 316-317; People v. Tomlins, 213 N. Y. 240, 241-242; People v. Taylor, 177 N. Y. 237, 245; People v. Zachello, 168 N. Y. 35, 40; Shorter v. People, 2 N. Y. 193,197, 201-202; People v. Coleman, 7 A D 2d 155,157).
“ The question is not merely what did the accused believe, but also, what did he have the right to believe? ” (People v. Rodawald, 177 N. Y. 408, 427.) Without passing on the facts *279 of the instant case, the Appellate Division had no right to assume that defendant’s conduct was reasonable, and to dismiss the information as a matter of law. Nor do we have the right to reinstate the verdict without giving the Appellate Division the opportunity to pass upon the facts (Code Crim. Pro., § 543-b).
Although the majority of our court are now purporting to fashion a policy “ conducive to an orderly society”, by their decision they have defeated their avowed purpose. What public interest is promoted by a principle which would deter one from coming to the aid of a fellow citizen who he has reasonable ground to apprehend is in imminent danger of personal injury at the hands of assailants 1 Is it reasonable to denominate, as justifiable homicide, a slaying committed under a mistaken but reasonably held belief, and deny this same defense of justification to one using less force ? Logic, as well as historical background and related precedent, dictates that the rule and policy expressed by our Legislature in the case of homicide, which is an assault resulting in death, should likewise be applicable to a much less serious assault not resulting in death.
I would reverse the order appealed from and remit the case to the Appellate Division pursuant to section 543-b of the Code of Criminal Procedure “ for determination upon the questions of fact raised in that court ”.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Foster concur in Per Curiam opinion; Judge Froessel dissents in an opinion in which Judge Van Voorhis concurs.
Order reversed, etc.