PEOPLE ex rel. GAINANCE v. PLATT, Sheriff.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. CRIMINAL LAW (§ 991*)—JUDGMENT OF CONVICTION—VALIDITY.

Under Prison Law (Laws 1909, c. 47 [Consol. Laws 1909, c. 43]) § 171, requiring superintendents of prisons, etc., so far as practicable, to cause all prisoners who are physically capable thereof to be employed at hard labor, a judgment of a city court on a conviction for petit larceny, sentencing accused to imprisonment at hard labor for 180 days, was not illegal and excessive on account of the provision for hard labor.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 991.*]

2. INDICTMENT AND INFORMATION (§ 114*)—PREVIOUS CONVICTIONS.

An information for petit larceny filed in a city court was not insufficient for failing to state that it was a first offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301-307; Dec. Dig. § 114.*]

Appeal from Order of Albany County Judge.

Habeas corpus proceeding by the People, on relation of Edward Gainance, against Lansing L. Platt, Sheriff. From an order discharging relator, respondent appeals. Reversed, writ dismissed, and relator remanded.

The petition for the writ stated that the cause of the imprisonment was a commitment issued by George W. Stevens, city judge of the city of Rensselaer. A copy of the certificate of conviction was annexed to the petition, which shows that the relator was charged with petit larceny, and that "thereupon pleaded guilty, and having been thereupon tried and upon such trial duly convicted, it is adjudged that said Edward Gainance be confined at the Albany county penitentiary at hard labor for the term of 180 days."

It appeared by the affidavit filed by the relator in support of the petition that the petit larceny was not charged as a first offense. The final order discharging the relator stated that it was made "on the grounds that said commitment was illegal and void."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

James R. Stevens, Jr., for appellant.
John S. Wolfe, for respondent.

SEWELL, J. [1] The theory of the county judge seems to have been that the judgment was illegal and excessive because it included the provision "at hard labor." Section 171 of the Prison Law (Laws 1909, c. 47 [Consol. Laws 1909, c. 43]) provides that:

"The superintendent of state prisons, the superintendents, managers and officers of all reformatories and penitentiaries in the state, shall, so far as practicable, cause all the prisoners in said institutions, who are physically capable thereof to be employed at hard labor, for not to exceed eight hours of each day other than Sundays and public holidays."

It is evident therefore that the provision, in the judgment of conviction, for hard labor, did not increase the punishment and was not in excess of the jurisdiction or power of the court. That such a provision cannot render the judgment void or be reviewed on habeas corpus is too plain a proposition to admit of argument.

[2] It may also be observed that the conviction was valid and the relator was not entitled to be discharged because, in the information, the crime of petit larceny was not charged as a first offense. It was held in People v. Cook, 45 Hun, 34, that it was not essential to the jurisdiction of a court of Special Sessions, in a case of petit larceny, that the information or the warrant should allege that the crime charged is a first offense. The same doctrine was asserted in People v. Johnston, 112 App. Div. 812, 99 N. Y. Supp. 411, where Mr. Justice Chester said:

"If it be a first offense in fact, the court has jurisdiction to try the case, and it is to be deemed a first offense unless the contrary is charged."

It follows that the order discharging the relator should be reversed, the writ dismissed, and the relator remanded to the sheriff of Albany county, and the judgment of conviction carried into effect. All concur, except SMITH, P. J., not voting.