In the Matter of the Application of CLARENCE C. EMERT, Respondent, for a Peremptory Mandamus Order against Honorable FRANK BRET THORN, as Judge of Erie County Court, and WALTER C. NEWCOMB, as District Attorney of Erie County, Appellants.

Fourth Department, December 23, 1936.

*Walter C. Newcomb, District Attorney [John T. Walsh* of counsel], for the appellants.

*Michael Catalano,* for the respondent.

LEWIS, J. On May 29, 1930, the petitioner was convicted in the County Court of Erie county of grand larceny, second degree. Thereafter, pursuant to section 1943 of the Penal Law, the district attorney filed an information accusing him of having previously been convicted of three crimes which, if committed within the State of New York, would have been felonies. Thus accused and being informed of his right to be tried as to the truth thereof, the petitioner admitted his identity as the person charged in the information and thereupon was sentenced to life imprisonment as a fourth offender under section 1942 of the Penal Law.

After serving six years of the sentence thus imposed, the petitioner instituted the proceeding now before us in the course of which there has issued the peremptory mandamus order from which this appeal is taken, which requires the County Court of Erie county to vacate the judgment of conviction of 1930 and the sentence then imposed and directs the court to resentence the petitioner under section 1941 of the Penal Law.

The petitioner does not deny that two of the previous three convictions of which the information accused him afforded a proper basis for imposing a sentence under section 1941 of the Penal Law. His contention is that the third prior conviction, described as " Larceny, on or about the 10th day of August, 1922 in a court of record at Clinton County, State of Pennsylvania," involved a criminal offense which, had it been committed within the State of New York, would have been a misdemeanor — not a felony — and, therefore, cannot afford a legal basis for his sentence as a fourth offender under section 1942 of the Penal Law.

Considering the record proof which bears upon the offense last mentioned, we find evidence that in the year 1922 the petitioner was arrested in the city of Lock Haven, Clinton county, Pa., upon an information and warrant which charged that on July twenty-ninth of

that year he had feloniously stolen seventy dollars in United States currency from one A. Jerles. Upon his arraignment the petitioner waived the filing of a " true bill " and, having pleaded guilty to the offense as charged, he was sentenced to serve not less than two years and six months nor more than three years in Western Penitentiary of Pennsylvania.

The petitioner now asserts that the record in the Pennsylvania court is erroneous in that it recites the amount of the theft as seventy dollars when in fact the sum involved was fifteen dollars. The only evidence in the record before us which tends to support petitioner's claim of error is found in two affidavits, one of which is by his mother who states that when she made restitution for her son's theft the amount paid by her was fifteen dollars. The second affidavit is by an attorney, who was district attorney of Clinton county, Pa., in 1922. It states in substance that " some time " after the petitioner had pleaded guilty of having feloniously stolen seventy dollars, the district attorney learned that the amount of the theft was fifteen dollars. He states further that " under the law of Pennsylvania, when over $10.00 the amount made no difference."

There is no evidence that the original record of petitioner's conviction in 1922 in Clinton county, Pa., has been corrected to conform with petitioner's present claim. Despite a failure of proof in that regard it is argued in petitioner's behalf that " the County Court of Erie County is vested with inherent power to correct a clerical mistake and change the amount of Seventy ($70.00) dollars, as stated to Fifteen ($15.00) dollars." It is also said that having made such a correction the County Court may properly vacate its sentence of 1930 and impose a new sentence which will take into consideration the corrected record of his prior convictions.

There is no doubt as to the rule that a court has inherent power to correct clerical errors found in *its own* records. (*Bohlen* v. *Metropolitan Elevated R. Co.*, 121 N. Y. 546, 550, 551; *Herpe* v. *Herpe*, 225 id. 323, 327.) Such a rule, however, can hardly justify action by a court of this State which in effect presumes to correct an error in the records of a court of a foreign jurisdiction. It may well be that the record of the Pennsylvania court relating to petitioner's conviction in 1922 is erroneous through clerical mistake. If so, correction can only be made by the foreign court whose original records are involved. When such correction has been made — and if it then appears that the petitioner's legal rights were prejudiced by his sentence in 1930 as a fourth offender — he should seek such relief from the courts of this State, or from its officials

authorized to administer clemency, as may then be warranted by the facts and applicable law. (*People ex rel. Hirschberg* v. *Orange County Court*, 271 N. Y. 151, 156, 157.)

We have not overlooked another argument advanced by the petitioner which apparently is made without regard to the alleged error, already considered, which he claims existed in the record of his 1922 conviction in Pennsylvania. The argument rests upon a statutory change in the definition of grand larceny, second degree, which, in 1922, included an unlawful taking of property having value in excess of fifty dollars and not exceeding five hundred dollars. (Penal Law, § 1296, subd. 1, as amd. by Laws of 1912, chap. 164.) In 1927 the Legislature changed the definition of that particular felony by increasing to one hundred dollars the minimum value of the property stolen. (Laws of 1927, chap. 679.) The petitioner asserts that by reason of this statutory change in 1927, the County Court erred in 1930 when it treated as a felony conviction his plea of guilty to a theft of seventy dollars in Pennsylvania in 1922. It is said that although a theft of that amount in 1922, if committed in this State, would have been a felony, it was a misdemeanor after the amendment of 1927 and, therefore, did not afford a legal basis in 1930 for the sentence then imposed upon him as a fourth felony offender under section 1942 of the Penal Law.

The statute under which petitioner's sentence was imposed in 1930 then provided:

Penal Law, § 1942 (as amended by Laws of 1926, chap. 457). " Punishment for fourth conviction of felony. A person who, after having been three times convicted within this State, of felonies or attempts to commit felonies, or under the law of any other State, government or country, of crimes which if committed within this State would be felonious, commits a felony within this State, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a State prison for the term of his natural life."

The Legislature has thus chosen to deal with one who by repeated crimes has shown himself unfit for liberty. Punishment of such severity is imposed only in those cases where there has been an apparent persistence in the perpetration of crime — an " indifference to the laws which keep society together." (*People* v. *Gowasky*, 244 N. Y. 451, 460.) The statute is directed against indifference to *existing* law; its increased penalty is for the unreformed offender who, in the past, has repeatedly disregarded criminal statutes then effective.

Thus construing its purpose, we interpret the statute as applicable to a person who, upon being convicted of a felony by a New York court, is found to have previously been three times convicted within

this State of felonies, or under the laws of foreign jurisdictions of crimes which if committed within this State would have been felonies according to our laws *then effective*. Applying this interpretation to the facts before us — the plea of guilty by the petitioner to a charge of larceny in Pennsylvania in 1922 involving a theft of seventy dollars, followed by his sentence of imprisonment, constituted a judgment of conviction for a criminal offense which, if committed within this State would have been a felony under subdivision 1 of section 1296 of the Penal Law as it then provided. The change in the statute brought about by the amendment of chapter 679 of the Laws of 1927 did not affect prior judgments of conviction rendered before the amendment became a law. Its effect was upon all pending and subsequent prosecutions under subdivision 1 of section 1296 of the Penal Law. (*People* v. *Roper*, 259 N. Y. 170, 180; *People* v. *Washington*, 237 App. Div. 603, 604; 240 id. 1028; revd. on other grounds, 264 N. Y. 335.)

We, therefore, reach the conclusion that when the County Court of Erie county in 1930 imposed a sentence upon the petitioner as a fourth felony offender under section 1942 of the Penal Law, it properly treated as a felony conviction the record of petitioner's conviction in Pennsylvania in 1922.

The order from which appeal is taken should be reversed and petitioner's motion for a peremptory mandamus order should be denied, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the law, without costs, and application for peremptory mandamus order denied, without costs.