THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM J. WICKLEM, Defendant.█

County Court, Onondaga County, August 21, 1944.

*William J. Wicklem*, defendant in person.

*William H. Bowers, District Attorney,* for plaintiff.

MALPASS, J.   This is a motion on behalf of the defendant, for an order to vacate and set aside a judgment of this court, entered February 6, 1937, by which judgment it was ordered that the defendant be imprisoned for a term of not less than fifteen years nor more than the term of his natural life, as a fourth offender, and to "nullify, void and dismiss the information filed by the District Attorney of this county, pursuant to sections 1942 and 1943 of the Penal Law," and for the resentence of the defendant.

The defendant was convicted February 2, 1937, in this court on his plea of guilty to the crime of grand larceny in the first degree, committed on November 22, 1936, and thereafter was arraigned on an information, signed and verified by an assistant district attorney, charging him with having previously been convicted on four different occasions of felonies within the State of Pennsylvania.   The information charged, first, that on May 26, 1928, the defendant was convicted in the Court of Quarter Sessions, in the County of Luzerne, Pennsylvania, of the crime of larceny, " in that he stole a Ford Roadster of the value of $225.00, owned by Walter Bogdan "; second, that the defendant was convicted on May 29, 1929, in the Court of Quarter Sessions, in the County of Luzerne, Pennsylvania, of the crime of larceny " in that he stole a Ford Roadster automobile of the value of $200.00, belonging to Charles Scheklowski "; third, that on March 19, 1930, the defendant was convicted in the County of Luzerne, Pennsylvania, of the crime of larceny, " in that he stole an Essex automobile, belonging to one Harry Rogers, of the value of $1,000.00 "; fourth, that on July 21, 1932, the defendant was convicted of the crime of larceny, in the Court of Quarter Sessions, in the County of Luzerne, Pennsylvania, " in that he stole a Dodge Coupe automobile of the value of $1,200.00, belonging to one John T. Kmetz ".   The information

charged that all of these crimes would be felonies if they had been committed within the State of New York, and that by reason of the prior convictions, the defendant was a fourth offender within the meaning of section 1942 of the Penal Law of the State of New York. The information containing these charges was read to the defendant, and he was duly informed of all of his rights, to be represented by counsel and also to a right of trial in the event of pleading not guilty to these charges or remaining silent, and the defendant, according to the records of the court, pleaded guilty to having been convicted on the several occasions as charged in the information. On February 6, 1937, the defendant was given the minimum term of imprisonment permissible under section 1942 of the Penal Law, to wit, not less than fifteen years nor more than the term of his natural life.

On this motion, the defendant does not deny the convictions in the State of Pennsylvania, and admits that, upon being arraigned upon the information filed by the District Attorney, he " admitted his identity, as being the same person as specified in the information ", but he now asserts that the convictions in the State of Pennsylvania were a nullity and void because of having been obtained without due process of law and in violation of the defendant's constitutional rights under the New York State Constitution, and the Constitution of the State of Pennsylvania, for the reason that, first, " he was not advised as to his right to be heard by counsel as required by article 1, section 9 of the Pennsylvania State Constitution ", and also alleges that the first conviction above referred to would not be a felony in this State, it being a misdemeanor, " because the value of the alleged stolen automobile was under the value of $100.00." The defendant further asserts that the second conviction was not of the grade of a felony because the value of the alleged stolen automobile " was also under the value of $100.00 and said crime would be classified as a misdemeanor or petit larceny in New York State." This contention of the defendant is entirely inconsistent with his plea of guilty upon arraignment on the information filed by the District Attorney. As to the first conviction, the value of the automobile was expressly stated to have been $225, and as to the second conviction, the value of the automobile was expressly stated to be $200. To both of these charges, the defendant pleaded guilty, and he should not now be permitted to attack these convictions by a claim unsupported by any evidence whatever except his own affidavit that these automobiles were of a value of less than $100, so as to reduce the grade of the crime from that of a felony to a misdemeanor. Both of these convictions seem to have been predicated upon an

indictment found by a grand jury, and in each indictment the value of the automobile is fixed at the same amounts specified in the information. This court is bound to accept the facts as to value as charged in the indictment upon which the previous conviction was had. (*People* v. *Voelker*, 222 App. Div. 717; *Matter of Emert* v. *Thorn*, 249 App. Div. 301.)

The defendant urges that the third conviction, namely a conviction for larceny, committed on March 19, 1930, was obtained on a presentment or information through a district attorney's bill, and not by an indictment or presentment of a grand jury as required by the Constitution of the State of Pennsylvania, and the same claim is asserted with reference to the fourth conviction set forth in the information as having been had on July 21, 1932.

The chief contention of the defendant is that the last two convictions above mentioned were had upon his plea of guilty to charges made against him without indictment by a grand jury. This procedure is authorized by the provisions of the Pennsylvania statute in effect at the time the convictions were had (Act of April 15, 1907, Public Law 62, § 1; Purdon's Penn. Statutes, tit. 19, § 241.)

This statute reads as follows:

" § 241. *Plea of guilty without indictment by grand jury; withdrawal of plea.* Whenever hereafter, within this commonwealth, any person is charged with the commission of any crime, and such person is willing to enter a plea of guilty, and shall notify the district attorney to that effect, no bill of indictment charging such offense shall be sent to a grand jury; but the district attorney shall at once prepare a bill of indictment, in the usual form, and the plea of guilty shall, at the request of the said defendant or defendant's counsel be entered thereon, and the court of the proper county at any session thereof, shall thereupon, forthwith, impose sentence for the offense set forth therein: Provided, however, That nothing in this act shall be construed so as to relate to, or change the proceedings in, homicide cases in this commonwealth: And provided further, That the defendant may withdraw his plea of guilty, at any time before sentence, by leave of the court."

This act has been declared constitutional by the highest court of the State of Pennsylvania (*Commonwealth, ex rel.*, v. *Francies*, 250 Pa. 496; see, also, *Com.* v. *Di Paul*, 122 Pa. Superior Ct. 53; *Com. ex rel. Banky* v. *Ashe, Warden*, 142 Pa. Superior Ct. 396), and is therefore a valid law in the State of Pennsylvania (*Matter of Cohen*, 149 Misc. 765; *Fairfield* v. *County of Gallatin*, 100 U. S. 47; *Jessup et al.* v. *Carnegie et al.*, 80 N. Y. 441, 455;

*Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48; *Schwertfeger* v. *Scandinavian American Line,* 186 App. Div. 89, affd. 226 N. Y. 696; *Franklin* v. *Lee,* 233 App. Div. 592). It appears that the Pennsylvania statute was complied with.

The defendant asserts that even though these convictions were valid in the State of Pennsylvania, they cannot be used as a basis for punishment as expressed in section 1942 of the Penal Law of this State. In his petition, he states: " That the defendant is not questioning the validity of the prior convictions, but only the employment of the obvious illegal judgments as the basis for the imposing of an alleged legal fifteen years to life sentence ". It is urged that the Court of Appeals of this State has declared invalid under the Constitution of the State of New York, a statute of this State similar to the Pennsylvania statute above mentioned (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314). No doubt the courts of this State would be bound by the *Battista* decision to hold such a statute a violation of the Constitution of the State of New York, but the courts of this State have no power or authority to hold a statute unconstitutional under the Constitution of a foreign State, where the courts of that State have held the statute to be valid. The defendant cites the case of *People* v. *Connor* (182 Misc. 455) and the case of *People* v. *Shopland* (County Ct., Ontario Co., Feb. 25, 1944, BRASSER, J.), as authorities for his contention that the Pennsylvania convictions, though valid in Pennsylvania, cannot be used for the purpose of imposing additional punishment under section 1942 of the Penal Law.

Section 1942 of the Penal Law provides: " A person who, after having been three times convicted * * * *under the law of any other state,* government or country, of crimes which if committed within this State would be felonious, commits a felony * * * within this state, *shall be sentenced* upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term * * * but, in any event, the minimum term upon conviction for a felony as the fourth or subsequent, offense, *shall be not less than* fifteen years, and the maximum *thereof shall be his natural life."* (Italics supplied.)

It is clear that each of the crimes of which the defendant was convicted in Pennsylvania was such as would be a felony if committed within this State. The defendant was convicted of these crimes *under the laws of another state,* to wit, Pennsylvania, and these convictions were valid convictions under the laws of that State. Section 1942 is mandatory, and provides that a person who is convicted of a fourth or subsequent felony *shall* be sentenced in accordance with the provisions of that

section and there is no discretion in the sentencing court. The word "shall" has been held to mean the same as the word "must" in section 1941 of the Penal Law (*People* v. *Gowasky*, 244 N. Y. 451, 466). The sentencing court "may not re-examine the question as to whether the offender was in fact guilty of the crime of which he has previously been convicted for under the statutes the conviction conclusively establishes guilt" (*People ex rel. Prisament* v. *Brophy*, 287 N. Y. 132, 136; *People* v. *Dacey*, 166 Misc. 827). It has been held that a defendant who has been convicted in New Jersey after a plea of *non vult* or *nolo contendere*, a plea not recognized in our law, was properly sentenced as a second offender upon his subsequent conviction in this State of a felony (*People* v. *Daiboch*, 265 N. Y. 125, 129), and that a pardon after the first conviction does not prevent his sentence as a second offender upon a subsequent conviction (*People* v. *Price*, 53 Hun 185, affd. on opinion below 119 N. Y. 650), even though the pardon was expressly based on the ground that the defendant was innocent of the first charge (*People ex rel. Prisament* v. *Brophy*, 287 N. Y. 132).

Section 1942 of the Penal Law was adopted by the Legislature for the purpose of providing greater punishment for one who is persistent in the commission of crime. (*Matter of Emert* v. *Thorn*, 249 App. Div. 301, *supra*; *People* v. *Carlesi*, 154 App. Div. 481, affd. on opinion below 208 N. Y. 547.) "No one ever doubted the wisdom or justice of punishing a second or third offender more severely than a first offender" (*People* v. *Gowasky*, 244 N. Y. 451, 457). By the express provision of the statute, a person who has been previously convicted "*under the law of any other state*" is liable for this additional punishment, and, in my opinion, the Legislature intended this to be applied so long as the conviction in the foreign State was a legal conviction in that State. To hold otherwise would defeat the purpose of section 1942 and other similar statutes, and a way would be opened to those who had long careers of crime in other States to come into the State of New York with the assurance that, despite a long criminal record in States like Massachusetts and Pennsylvania, they would be treated as first offenders in the courts of the State of New York.

The procedure authorized in Pennsylvania does not violate the "due process" clause of the United States Constitution (*People ex rel. Fryer* v. *Brophy*, 149 Misc. 562; *Hurtado* v. *California*, 110 U. S. 516; *Bolln* v. *Nebraska*, 176 U. S. 83).

The motion of the defendant to dismiss the information and vacate the sentence heretofore imposed upon him should be denied and an order to that effect may be entered herein.