THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDY NEWMAN, Appellant, against JOHN F. FOSTER, as Warden of Auburn Prison, Respondent.

Submitted May 20, 1947; decided July 2, 1947.

*Eddy Newman*, in person, appellant. I. The crime for which relator was convicted in New Jersey is not felony under the Laws of the State of New York because it is not punishable by imprisonment in a State prison in New York State. (*People ex rel. Kruger* v. *Snyder*, 25 N. Y. S. 2d 644; *Matter of Stauber* v. *Larkin*, 241 App. Div. 797; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *People* v. *Wood*, 145 Misc. 678; *People* v. *Knatt*, 156 N. Y. 302; *People* v. *Voelker*, 255 N. Y. S. 883.) II. An offence is a first offence unless the contrary is charged. The allegations of the prosecutor in New Jersey, charged relator with carrying a concealed weapon but made no reference to

any previous conviction. He was therefore charged and convicted of a crime which if committed in the State of New York, would be a misdemeanor. (*Commonwealth* v. *Harrington,* 130 Mass. 35; *Wood* v. *People,* 53 N. Y. 511; *Hoggett* v. *State,* 101 Miss. 272; *Rosenberg* v. *State,* 5 Ala. App. 196; *Singer* v. *United States,* 278 F. 415; *Commonwealth* v. *McDermott,* 224 Pa. 363; *State of Iowa* v. *Smith,* 129 Iowa 709; *Commonwealth* v. *Harrington,* 130 Mass. 35; *People* v. *Sickles,* 156 N. Y. 541; *State* v. *Finding,* 123 Minn. 413; *People ex rel. Gainance* v. *Platt,* 148 App. Div. 579; *People* v. *Johnson,* 112 App. Div. 812; *People ex rel. Pettibone* v. *Superintendent of New York State Reformatory,* 294 N. Y. S. 255; *Commonwealth* v. *Dunster,* 145 Mass. 101; *Commonwealth* v. *Mead,* 10 Allen 396; *People* v. *Bretton,* 144 App. Div. 282.)

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Patrick H. Clune* and *William S. Elder, Jr.,* of counsel), for respondent. The New Jersey conviction was for a crime, which, had it been committed in New York, would have been felonious. (*People ex rel. Fellman* v. *Foster,* 270 App. Div. 877, 296 N. Y. 954; *People ex rel. Munos* v. *Morhous,* 268 App. Div. 1013; *People* v. *Gennaro,* 261 App. Div. 533; *Matter of Emert* v. *Thorn,* 249 App. Div. 301; *People* v. *Gutterson,* 244 N. Y. 243.)

FULD, J. Relator's challenge to the legality of his sentence as a fourth felony offender must be sustained; one of the crimes relied upon was improperly included.

Relator was sentenced as such fourth offender in the Bronx County Court in 1935, following his conviction of burglary. Eleven years later, he sued out a writ of habeas corpus and, disputing his status, attacked the validity of the sentence imposed. The Supreme Court, Cayuga County, dismissed the writ, and the Appellate Division unanimously affirmed. Appeal to this court is by our permission.

It is undisputed that relator was thrice convicted of crime prior to 1935. According to the information filed pursuant to section 1943 of the Penal Law, those offenses were (1) grand larceny, in 1917, in the Supreme Court, Franklin County; (2) burglary, in 1923, in the Kings County Court, and (3) carrying a concealed weapon, in 1920, in the Court of Special Sessions of Union County, New Jersey. The first two — convictions in

this State — are concededly felonies. A question exists only as to the crime committed in New Jersey, which was based upon a statute providing that one " who shall carry any revolver, pistol, firearm  *  *  *  concealed in or about his clothes or. person, shall be guilty of a misdemeanor  *  *  *." (Laws of New Jersey, 1912, ch. 225, § 1.)   The information, to which relator pleaded guilty in the New Jersey court, alleged only the carrying of a concealed revolver and, indeed, any further recital would have been immaterial, surplusage under the statute.

Section 1942 of the Penal Law is the statute which provides for the punishment of a fourth offender; it defines him as one who, after having been three times convicted in New York of felonies or in any other jurisdiction " of crimes  which if committed within this state would be felonious ", commits a felony here.   Whether the acts committed in the foreign jurisdiction would be felonious if committed within this State, depends, of course, upon New York law.   What those acts were, however, is to be determined by reference only to the foreign judgment of conviction and the indictment or information upon which it was predicated, and .the court is restricted to consideration of the operative and material facts therein set forth.   (See *People* v. *Voelker,* 222 App. Div. 717; see, also, *People* v. *Wicklem,* 183 Misc. 639, 642; *People* v. *Dacey,* 166 Misc. 827, 836–837.)   To permit proof of facts different from those alleged would lead only to abuse and to impossibility of administration.   (See *Matter of Emert* v. *Thorn,* 249 App. Div. 301; *People* v. *Wicklem, supra; People* v. *Dacey, supra.*)

We turn, then, to the law of this State: a person " who shall have or carry concealed upon his person [a]  *  *  *  firearm " is guilty of a misdemeanor, unless " *previously convicted of any crime* " (Penal Law, § 1897, subd. 5).   (Italics supplied.) The offense charged is a misdemeanor unless the prior conviction is expressly alleged; failure to recite that fact is fatal to any claim of felony.   (Cf. *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112, 116; *People ex rel. Gainance* v. *Platt,* 148 App. Div. 579, 581; *People ex rel. Pettibone* v. *Superintendent of Elmira Reformatory,* 162 Misc. 125, 126.)

It follows, therefore, that the New Jersey information charged an offense which — if committed here — would have been a

misdemeanor and not a felony. Even though a defendant be a bad man, a vicious criminal, he may be punished as a fourth offender only if section 1942 of the Penal Law encompasses his case. The scope of that statute, we have said, may not be extended " by judicial interpretation ". (*People ex rel. Carollo v. Brophy*, 294 N. Y. 540, 544.)

The orders should be reversed and the proceeding remitted to the Supreme Court for proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Orders reversed, etc.