Callahan, J.
The question in this case is whether the record of a prior conviction for larceny in the State of New Jersey sufficiently established that the said larceny involved the theft of $100 or more so as to constitute a felony if committed in this State.
The Penal Law (§ 1941) says that: “A person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, * * * ” by increased punishment as provided in the statute.
In the case of People ex rel. Newman v. Foster (297 N. Y. 27) the Court of Appeals construed section 1942 of the Penal Law relating to fourth offenders. What was said in that case is not without its application to the present situation. Thus (p. 30): ‘ ‘ Whether the acts committed in the foreign jurisdiction would be felonious if committed within this State, depends, of course, upon New York law. What those acts were, however, is to be determined by reference only to the foreign judgment of conviction and the indictment or information upon which it was predicated, and the court is restricted to consideration of the operative and material facts therein set forth. (See People v. Voelker, 222 App. Div. 717; see, also, People v. Wicklem, 183 Misc. 639, 642; People v. Dacey, 166 Misc. 827, 836-837.) To permit proof of facts different from those alleged would lead only to abuse and to impossibility of administration. (See Matter of Emert v. Thorn, 249 App. Div. 301; People v. Wicklem, supra; People v. Dacey, supra.)”
The prior conviction alleged in the present case was established by proof of the defendant’s plea of guilty to a certain information filed by the Prosecutor of the Pleas of Ocean County, New Jersey, which charged that the defendant stole the following property, to wit:
“ One (1) Wallet containing
Two (2) One Hundred Dollar Bills,
One (1) Elgin Open-face Gold Watch, with broken chain attached —17 Jewel,
all of the value of over Twenty Dollars s * *.”
*321 The New Jersey statute defines larceny in two degrees. It provides, in substance, that any person who shall steal money or goods under $20 in value shall be guilty of a misdemeanor, and if the value be above $20, he shall be guilty of a high misdemeanor (N. J. Stat. Ann., § 2:145-2).
It is quite apparent, therefore, that the New Jersey information involved in this case used the words <£ all of the value of over Twenty Dollars ” in order to charge larceny as a high misdemeanor.
If the New Jersey information merely charged the stealing of certain enumerated articles of personal property alleged to be ££ all of the value of over Twenty Dollars ”, we agree that such a record would be no proof of the conviction of a prior crime amounting to a felony in this State. But we find that the charge embraced the stealing of two $100 bills as well as a wallet and watch. The two $100 bills undoubtedly meant ££ Unitéd States currency ” in that amount. The stealing of $200 in United States currency would be a felonious act if committed in this State.
It seems to us that the Court of Appeals did not intend to hold in People ex rel. Newman v. Foster (297 N. Y. 27, supra) that the only material and operative facts established by a foreign record of conviction for larceny as to the value of the stolen goods are those found in the foreign statute (and in this case repeated in the indictment) defining the elements of the crime of larceny. At least, we do not think that the statutory definition is to be deemed controlling where other allegations of value are present showing the theft of more than $100.
If we were to hold otherwise, it might mean that one who pleaded guilty to an indictment charging the theft of a millionT dollars in money would not be deemed to have been convicted of a crime constituting a felony in this State, because the law of the foreign State might, as does the New Jersey statute, define the crime as the theft of more than $20. On the other hand, one who admitted his guilt under a foreign indictment charging the theft of $101 would be guilty of a crime of felony grade in this. State, if the foreign statute also made that the controlling amount.
In the Newman case (supra) the Court of Appeals cited Matter of Emert v. Thorn (249 App. Div. 301). The latter case involved an alleged prior conviction in Pennsylvania for larceny. The Pennsylvania information in that case alleged the theft of $70 in currency. The Appellate Division held that this established the theft of $70, not merely the stealing of more than $10 which *322 was the statutory measure of the degree of the larceny in Pennsylvania. The record was found sufficient to show a conviction of a crime that would be a felony in this State. At that time the stealing of $50 or more was a felony in New York. It is true that the Pennsylvania indictment charged the larceny of $70 and did not contain any mention of the statutory limitation of $10.
In People v. Voelker (222 App. Div. 717) and People v. Wicklem (183 Misc. 639), two other cases cited in People ex rel. Newman v. Foster (supra), it was held that our courts in a proceeding under sections 1941 and 1943 of the Penal Law are bound to accept as conclusive the facts or lack of facts in respect to the value of goods stolen as charged in the foreign indictment.
We construe the Newman case (supra) to mean that whether the acts committed in the foreign jurisdiction would be a felony in New York is the subject of inquiry to be decided under New York law by the sentencing judge. What those acts were is to be determined solely by reference to the foreign judgment and indictment. Only the operative and material facts are to be considered. In a charge of larceny the nature and value of the goods stolen are operative and material facts. The allegation in the New Jersey information involved in this case that two $100 bills were stolen related to the acts committed. It established the value of part of the property stolen to be in excess of $100. We think that the court was bound to accept this as a statement of the nature of the prior crime. We do not conceive the law to be that any allegation of value of goods stolen beyond that stated in the foreign statute is to be treated as surplusage. If that were so, then an allegation that one stole an article valued at more than $100 would not establish the theft of more than $20, if $20 was the statutory limit in the foreign jurisdiction. This has not been the rule of construction followed by the courts. (See People v. Wicklem, 183 Misc. 639, supra; People v. Dacey, 166 Misc. 827, supra.)
We cannot agree with the appellant’s contention that the New .Jersey record does not establish that the defendant stole all of the articles enumerated, but merely some articles which were of the value of more than $20. Assuming that a finding of guilt would be possible if such value were established upon a trial, the question is not what would be possible, but what the record established (People v. Dacey, supra). The New Jersey information charged the theft of all of the specified articles, and the defendant admitted the charge. No presumption is required to be indulged against the accused to find that he pleaded guilty to stealing two $100 bills, as well as other property.
*323 If we were to assume a case where a foreign information or indictment charged the theft of two $100 hills and then added the phrase “ all of the value of over Twenty Dollars ” in order to meet the requirement of the statute, it would he quite evident that the larceny of more than $100 would he established, for the charge would be not only that goods worth more than $20 were stolen, hut that the goods taken actually consisted of $200 in money. We see no reason why the New Jersey record in the present case should be construed differently because the theft of other articles in addition to two $100 bills was charged. The addition of the words “ all of the value of over Twenty Dollars ” must he read in connection with the charge that two $100 bills were stolen.
We think that the proof was sufficient to warrant the sentence imposed upon the defendant as a prior felony offender, and vote to affirm the judgment and order.