Shientag, J.
(dissenting). The issue on this appeal is whether the defendant was properly sentenced as a second felony offender. The court relied upon a prior conviction in 1933 of grand larceny (officially denominated a “ high misdemeanor ”) in Ocean County, New Jersey. The defendant there pleaded guilty to an indictment which charged the theft of one wallet containing two $100 hills and a gold watch ‘1 all of the value of over Twenty Dollars. ’ ’ He received a suspended sentence.
Section 1941 of the Penal Law provides increased punishment for a felony offender who has been previously convicted under the laws of another State of a crime which would have been a felony in New York.
In New York, larceny is felonious only when the articles taken are more than $100 in value (Penal Law, § 1296). In New Jersey, grand larceny consists of the theft of money or personal goods worth $20 or more (N. J. Stat. Ann., § 2:145-2).
Appellant’s prior conviction in the State of New Jersey did not, of necessity, establish facts indicating a felony crime under the laws of our State. It is clear that when the defendant pleaded guilty in New Jersey he admitted only the theft of goods valued at over $20. He did not admit stealing property valued at over $200. The other allegations are surplusage under the New Jersey statute. The Court of Appeals has, in effect so held recently. In People ex rel. Newman v Foster (297 N. Y. 27, 30) it was said in determining whether acts committed in a foreign State would have been felonious if committed in the State of New York the court may refer only to “ the operative and *324 material facts therein set forth ’ ’ in the foreign indictment. (See People v. Voelker, 222 App. Div. 717; People v. Wicklem, 183 Misc. 639; People v. Dacey, 166 Misc. 827, 836.)
Moreover, the plea of guilty did not connote a finding against the appellant or an admission by bim that he stole every item enumerated in the New Jersey accusation. For all that appears therefrom, appellant might have stolen.the Elgin open-faced, 17-jewel gold watch, with broken chain attached, which was of the value of over $20, and that would have been sufficient to warrant his plea of guilty to the crime of grand larceny under the statutes of New Jersey. In a situation such as is here presented, no presumption against the accused should be invoked.
The judgment and order appealed from should be reversed and the defendant’s motion to resentence bim as a first felony offender should be granted.
Dore, J. P. and Cohn, J., concur with Callahan, J.; Shientag, J., dissents in opinion in which Van Voorhis, J., concurs.
Judgment affirmed.