THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN ADAMS, Defendant.

County Court, Suffolk County, August 4, 1953.

*Thomas M. Stark* for defendant.

*Harry C. Brenner, District Attorney* (*Charles R. Thom* of counsel), for plaintiff.

MUNDER, J. On this application the petitioner alleges that the prior conviction which formed the basis for a second felony offender sentence in his case, was not for a '' crime '' which if committed in this State would be a felony.

He was previously convicted in 1942, in the State of North Carolina. The indictment there read that he broke *and* entered the shop of another with intent to steal. He claims, however, that the only applicable statute in North Carolina and, a fortiori, the one on which the indictment was based, reads '' If any person, with intent to commit a felony or other infamous crime therein, shall break *or* enter  *  *  *  any storehouse, shop  *  *  *  he shall be guilty of a felony.'' (North Carolina Code, ch. 82, § 4235.)

He asserts that the use of the disjunctive in that statute prevents its use as a prior felony conviction in this State because the entering without breaking will suffice to convict in North Carolina but such act would constitute unlawful entry, a misdemeanor, in New York.

The form of the indictment used in North Carolina in the petitioner's case charges acts which would unquestionably constitute the crime of burglary in the third degree as defined in our Penal Law but the acts of the petitioner in the prior offense are not determinative of the question now before the court.

As in the *Olah* case (300 N. Y. 96), it is here necessary to go behind the indictment and to look at the statute. Under the statute (North Carolina Code, § 4235) either a break or an entry constitutes the crime.

If the indictment in North Carolina would have been sufficient with an allegation of entry alone the pleading of more must be considered as surplusage. Under that statute proof of entry with intent to commit a crime suffices to convict. In New York, such proof would support a conviction for unlawful entry but not for burglary. Consequently, the '' crime '', as that word is used in section 1941 of the Penal Law, of which the petitioner was convicted in North Carolina would not be a felony in New York and the petitioner is entitled to be sentenced as a first felony offender in the present case.

The North Carolina indictment (Forsyth Co., No. 3180, Jan. Term, 1942) on which the petitioner was convicted, also charged larceny and receiving stolen goods. The distinction in amount

between simple and aggravated larceny is set at $20. Thus the case falls squarely within the rule in the *Olah* case (*supra*), and the indictment charging the theft of cigarettes of the value of $1.50 also brings the case under the rule set forth in *People ex rel. Newman* v. *Foster* (297 N. Y. 27).

As to the conviction for receiving, it is patently bad. The thief cannot also be the receiver of the same stolen goods. (*People* v. *Daghita,* 301 N. Y. 223.)

The petition is granted to the extent that the sentence imposed herein on June 4, 1952, is set aside and the Warden of Great Meadow Prison is directed to return said prisoner to the custody of the Sheriff of Suffolk County to whose custody he is remanded for resentence on September 14, 1953, at 10:00 A.M.