Burke, J.
In August, 1953 defendant was indicted in Kings County for the crime of murder in the second degree. He thereafter pleaded guilty to manslaughter in the first degree. At the time of his sentencing, the People filed an information charging him with a prior felony conviction — manslaughter in North Carolina. Defendant was, therefore, adjudged a second felony offender and sentenced to a term of 20 to 40 years (Penal Law, § 1941).
Defendant commenced this coram nobis proceeding in 1959 on the ground that the prior conviction was not a valid predicate for second felony offender sentencing in this State. The denial of this application which has been unanimously affirmed below was correct.
Only one of defendant’s contentions merits our review, namely, that material differences between the crimes of manslaughter in North Carolina and New York are such that defendant could have been convicted in the other jurisdiction for an act which would not have supported a conviction for the crime in New York.
Records of the North Carolina court reveal that although defendant was there indicted for second degree murder, in that he did “with force and arms * * * unlawfully and wilfully and feloniously of his malice aforethought kill and murder one Levi Jones ”, he pleaded guilty to, and was sentenced for, the crime of manslaughter.
In North Carolina manslaughter is a common-law rather than a statutory crime, and has been defined as “ the unlawful killing of a human being without malice and without premeditation ” (State v. Benson, 183 N. C. 795, 799). Such an act would be a felony if committed in New York (Penal Law, § 1049).
Hence the North Carolina judgment is a valid foundation for second felony punishment under the applicable law which has *198 been stated in previous decisions, and need not be repeated here (e.g., People v. Olah, 300 N. Y. 96; People ex rel. Goldman v. Denno, 9 N Y 2d 138).
The variance in the law of the two States, alleged by defendant, is solely one of defense. We will assume, as defendant urges, that there may be situations in which the defense could be successfully raised in New York, while it would be of no avail in North Carolina (compare State v. Cox, 153 N. C. 638, with People v. Maine, 166 N. Y. 50; People v. Coleman, 7 A D 2d 155; Penal Law, § 1055). But this is of no benefit to the defendant since the North Carolina records contain no proof that appellant committed the homicide in defense of another. There is nothing to indicate that such a defense could have been raised in the circumstances of the killing charged there. “Whether the acts committed in the foreign jurisdiction would be felonious if committed within this State, depends, of course, upon New York law. What those acts were, however, is to be determined by reference only to the foreign judgment of conviction and the indictment or information upon which it was predicated, and the court is restricted to consideration of the operative and material facts therein set forth.” (People ex rel. Newman v. Foster, 297 N. Y. 27, 30.) Proof of facts other than those of record is not permitted. (Matter of Emert v. Thorn, 249 App. Div. 301.) The definition of the crime as set forth in the decisional laws of North Carolina and the facts contained in the indictment provide no basis for the use of the rule relied on by defendant.
The order appealed from should be affirmed.