THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD PROSSER, Relator, against WALTER B. MARTIN, as Warden of Attica Prison, Defendant.

County Court, Wyoming County, June 30, 1952.

*Nathaniel L. Goldstein, Attorney-General (Frederick T. Devlin* of counsel), for defendant.

*Howard Prosser,* relator in person.

CONABLE, J.  In the previous habeas corpus proceeding instituted by this relator on the 17th of March, 1952, it was held on April 10, 1952, that his sentence as a fourth felony offender was illegal.  The ground of this holding was that one of the previous felony convictions charged in the information was a violation of the Uniform Firearms Act of 1931 of the State of Pennsylvania (Pa. Stat., tit. 18, § 4628).  It appeared clear to me upon the authority of *People ex rel. Newman* v. *Foster* (297 N. Y. 27) and *People* v. *Olah* (300 N. Y. 96), that this conviction should not be counted in determining whether the relator was a fourth offender.  Accordingly, an order was entered remanding the relator to the custody of the Sheriff of Oswego County at Attica Prison to be returned to the County Court of

Oswego County, New York, for further proceedings upon his conviction of the crime of grand larceny in the second degree.

Sixty days have elapsed since this order was entered. The relator now has obtained a new writ of habeas corpus alleging that the holding in the previous writ showed that his sentence was illegal and that, since the authorities of Oswego County have done nothing further in the matter, he should be entitled to his liberty.

No appeal has been taken by either the Attorney-General, the State of New York, or the District Attorney of the County of Oswego, from the order dated April 10, 1952.

Unfortunately, *section 1239 of the Civil Practice Act* confers jurisdiction upon the County Court to hear and determine a writ of habeas corpus. This provides: " All writs of habeas corpus directed to the agent and warden of a state prison \* \* \* must be made returnable before a justice of the supreme court or a county judge in the county in which the person is detained. If at the time there is no such official in the county capable of acting, the writ shall be made returnable before the nearest accessible supreme court justice or county judge in an adjoining county."

There is no resident Supreme Court justice in Wyoming County and terms of Supreme Court in this county are limited.

*Section 1251 of the Civil Practice Act* imposes on the judge before whom the prisoner is brought the duty to examine " into the facts alleged in the return and into the cause of the imprisonment or restraint of the prisoner; and must make a final order to discharge him therefrom if no lawful cause for the imprisonment or restraint or for the continuance thereof, is shown; whether the same was upon a commitment for an actual or supposed criminal matter or for some other cause."

*Section 1255* provides in part that it is the duty of the court " If it appears that the prisoner has been legally committed for a criminal offence, or if he appears by the testimony offered with the return, or upon the hearing thereof, to be guilty of such an offence, although the commitment is irregular, the court or judge before which or whom he is brought must make a final order forthwith to discharge him upon his giving bail, if the case is bailable, or, if it is not bailable, to remand him."

*Section 1259* imposes upon the court hearing a writ of habeas corpus the duty to " proceed in a summary way to hear the evidence produced in support of or against the imprisonment or detention and to dispose of the prisoner as the justice of the case requires."

While recent decisions of the Court of Appeals have seemed to limit the application of the writ of habeas corpus, it appears that here it was a proper remedy for the correction of the error called to the court's attention in relator's original application. (See *People ex rel. Carollo* v. *Brophy*, 294 N. Y. 540; *People ex rel. Newman* v. *Foster*, 297 N. Y. 27, *supra*, and *People ex rel. Milton* v. *Jackson*, 297 N. Y. 708.)

The authorities of Oswego County apparently question this court's power to remand the relator for further proceedings. However, no appeal has been taken by them from the order entered.

It seems that where a court neither imposes sentence nor suspends sentence or the execution of a sentence, but simply fails to pronounce sentence upon conviction, there has been no final valid judgment of conviction. (*Matter of Richetti* v. *New York State Bd. of Parole*, 300 N. Y. 357.)

Here, after it seems to have become the law of the case that this defendant's sentence was illegal, the sentencing court apparently has refused to resentence the defendant.

Unless a new sentence is to be imposed, in place of the one held to be illegal, it would seem to be the duty of this court in this proceeding to discharge the relator from custody.

To hold that the former order is ineffective and that the relator is entitled to no relief would make the constitutional safeguards of the writ of habeas corpus farcical. The Attorney-General also suggests that the relator could obtain a writ of mandamus to compel the resentencing. This would place him in the peculiar position of seeking by court action to compel his own imprisonment.

Because there was some question on the part of the Attorney-General's office as to the exact position taken by the Oswego County authorities, the order should provide that the relator will be released only if the Oswego County authorities take no further proceedings in this matter on or before July 21, 1952.