Van Voorhis, J.
 

 This is an appeal from the dismissal of relator’s writ of habeas corpus. On May 27, 1953 he was convicted, by confession, of grand larceny, second degree, and was sentenced in the Court of General Sessions, New York County, as a fourth felony offender, to an indefinite term of 15 years to life.
 

 The prior convictions, all in Allegheny County, Pennsylvania, are as follows:
 

 (1) Conviction No. 1, on September 11, 1924, for robbery;
 

 (2) Conviction No. 2, on October 24, 1930, under Indictment
 
 No. 9 for
 
 robbery ;
 

 (3) Conviction No. 3, on October 24, 1930, under Indictment No. 10 for attempted robbery.
 

 This matter concerns Convictions Nos. 2 and 3 of October 24, 1930, for robbery and attempted robbery. Relator was charged with these two crimes in two separate indictments, which were found on the same day by the same Grand Jury. The indictments were tried simultaneously before the same jury and same Judge. Relator was found guilty of both crimes and sentences were imposed to be served consecutively.
 

 Relator claims that he was improperly sentenced as a fourth felony offender upon his subsequent conviction in 1953 of grand larceny in New York. His petition alleges that “ Both Section 1941 of the Penal Law (punishment for second or third offenders) and Section 1942 of the Penal Law (punishment for fourth offenders), under which the said Court of General Sessions sentenced me, provide that for the purposes of said sections, conviction of two or more crimes, either charged in separate counts of one indictment
 
 or in two or more indictments consolidated for trial,
 
 shall be deemed to be only one conviction”. (Italics from original.)
 

 The italicized words in the petition are correctly taken from section 1942 of the Penal Law, which provides: “ For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more
 
 *85
 
 indictments or informations consolidated for trial, shall be deemed to be only one conviction.”
 

 The opinion of the Dutchess County Trial and Special Term says:
 

 “ The consolidation for trial to which Penal Law Section 1942 refers, is that permitted by C.C.P. Section 279 where provision is made for the charge of crimes of same or similar character in separate counts of one indictment and there is then added the provision ‘ and if two or more indictments or informations are found in such cases, the Court may order them to be consolidated. ’
 

 “It is to be observed that neither section makes any reference at all to a joint trial of separate indictments nor is there anything anywhere else in the criminal code about joint trials of separate indictments.
 

 “ In the circumstances, the writ must be denied and the relator remanded to the custody of the respondent.”
 

 Appellant contends that for the purposes of section 1942 of the Penal Law these two indictments of related crimes were consolidated for trial. The point here is not whether these are separate crimes, nor whether they are separately punishable, but the issue concerns the bearing which they have on how relator is to be dealt with as a recidivist. It relates only to the philosophy of the Baumes Laws (Penal Law, §§ 1941-1943). The words on which petitioner relies were added to section 1942 of the Penal Law when section 279 of the Code of Criminal Procedure was adopted in its present form, permitting charges of the same or similar character to be joined or consolidated in one indictment (L. 1936, eh. 328). In order to be one crime under section 1942 for the purpose of determining whether a convict is a fourth felony offender, the criminal acts joined or consolidated in one indictment do not need to constitute but one transaction, for separate crimes may be united and count as one crime in dealing with the convict as a recidivist. These two crimes of robbery and attempted robbery of different persons occurred in Pennsylvania on the same day. The bearing which they have on how he should be dealt with as a repeater is not unlike what would occur if a robber were to hold up a bus and compel 10 different passengers to deliver their purses at the point of a gun. These would constitute 10 different felonies,
 
 *86
 
 but all would be but one crime in determining whether he was a fourth offender under section 1942 if the charges were joined in the same indictment or contained in separate indictments that were consolidated for trial. In measuring the special debt to society imposed on such a man by section 1942, it would not matter whether he held up one passenger with a revolver or several dozen on the same occasion, under those circumstances.
 

 The public policy expressed by section 1942 has not been created by the courts. This public policy has been established by the Legislature by statutory enactment in 1936. It is irrelevant to this policy whether a convict has been subject to several indictments which could have been consolidated, or whether they were formally merged into one, provided that they have been tried together. A man who has perpetrated the same crimes at the same times and places under the same circumstances is not a whit better or worse or different from what he would have been if the indictments had been formally consolidated instead of having been merely tried together.
 

 In interpreting what this statute means, it is necessary to envision what the Legislature was endeavoring to accomplish, and to construe the section in the light of its probable objects and purposes. There is, of course, a formal difference between consolidation and joint trial. Where indictments are consolidated, as in the consolidation of civil actions, they become a single criminal action from and after the order of consolidation. In event of joint trial of civil actions, separate judgments are entered and separate bills of costs are allowed. Upon the other hand, if civil actions have been consolidated, they terminate in one judgment with one bill of costs. By analogy, the consolidation of criminal actions makes them thereafter one. Not only are these subtle differences unrelated to any policy which is likely to have impelled the Legislature to enact this amendment to section 1942 of the Penal Law, but the language of section 1942 itself indicates that
 
 “
 
 consolidation ” is not there used as a term of art. The language of this section speaks of instances where indictments are “ consolidated
 
 for trial
 
 ” (italics supplied). If the word “ consolidated ” were used in this section in its formal legal sense, there would be no such separate thing as consolidation for trial. Consolidation would be for all pur
 
 *87
 
 poses. It would merge distinct indictments into a single criminal action for trial and on to the bitter end, unless, as did not happen here, separate trials were thereafter to be ordered as authorized by section 279 of the Code of Criminal Procedure. Unless the draftsman of this amendment to section 1942 had in mind that for this purpose a single conviction would result from the trial of separate crimes simultaneously, whether by consolidation or joint trial, the words “ for trial ” would add nothing except to emphasize that the different counts must be tried together, and that being tried together is the essential thing. The animating thought is that if the criminal charges are enough alike in place, in time and in nature to be determined at one trial, and have been tried together, they should only count once in testing whether a convict is a second, third or fourth felony offender.
 

 There is no section of the Code of Criminal Procedure which expressly covers “ joint trial ”, and the difference between that and consolidation would seem to amount to less in criminal law than in civil law where the parties are more concerned with questions of where to lay the venue, trial by judge or jury, the right to open and close or the taxation of costs. The appellant’s counsel correctly states that the facts rather than semantics should control, and that if multiple criminal charges have been decided at one trial—in New York State or elsewhere — such a trial should be deemed a consolidated trial, resulting in but one conviction for the purposes of the Baumes Laws. These crimes which were tried together in Pennsylvania have sufficient characteristics in common so as to have permitted consolidation under section 279 of the New York State Code of Criminal Procedure.
 

 We are not informed concerning what the practice may be in Pennsylvania with respect to consolidation or joint trial of criminal actions, but the essence of consolidation is the uniting of multiple claims or charges which are sufficiently similar to justify the avoidance of multiplicity or circuity of legal action. What took place in Pennsylvania in the instant case would, if it had occurred in New York, be equivalent to consolidation “ for trial ”. Even a vicious criminal should be punished as a fourth offender only if the case is clearly encompassed by section 1942
 
 (People ex rel. Newman
 
 v. Foster, 297 N. Y. 27, 31). The scope
 
 *88
 
 of this section is not to be extended ‘ ‘ by judicial interpretation ”, and must be clearly within the expressed legislative intent
 
 (People ex rel. Carollo
 
 v.
 
 Brophy,
 
 294 N. Y. 540, 544).
 

 We consider the legislative intent in section 1942 to have been that if several crimes or a series of crimes are sufficiently alike in time, place and nature to warrant their being united for trial, and if they have been tried together, the purpose of the Baumes Laws will be served by treating the conviction as a single conviction, notwithstanding that the charges may arise from different transactions or the sentences be directed to be served consecutively.
 

 The order appealed from should be reversed and the writ of habeas corpus sustained to the extent of remanding relator to the Court of General Sessions in the City and County of New York for resentencing as a third felony offender on his conviction of grand larceny in the second degree on May 27, 1953.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
 

 Order reversed, etc.