Bertram Harnett, J.
By order to show cause dated November 17, 1971, the Warden respondent asked leave to reargue the October 26, 1971 order of this court sustaining a writ of habeas corpus on behalf of Calton Smith. Leave to reargue was given to the respondent on November 19, 1971, at which time counsel for both sides were before the court and conducted their reargument on the record.
Upon the requested reconsideration, the court holds to its prior result and sustains the writ of habeas corpus. The court, however, vacates its prior memorandum and substitutes in its place this memorandum in amplification of the legal issues now emphasized.
Respondent argues essentially that it contests the singleness of the transaction involved, that the writ of habeas corpus is not timely, and that relator’s proper remedy is appeal and not habeas corpus. Perhaps at the very bottom respondent’s real distress is in a “ busted ” plea bargain.
Calton Smith pleaded guilty in Nassau County Court on two counts of attempted burglary in the third degree and was convicted on November 17, 1970. He was sentenced to consecutive one-year terms of imprisonment, and began to serve his sentence on March 26, 1971, with credit for four months’ time served while awaiting sentence. On June 3, 1971 he was resentenced to one year in the county jail on the first count and eight months in the county jail on the second count, the sentences to run consecutively. Taking into consideration the good behavior allowance permitted by section 804 of the Correction Law, Smith is scheduled for release on November 26,1971 on the first count and June 12, 1972 on the second.
Since no testimony was offered in the proceedings, all impressions of fact must be taken from documents and concessions of counsel. Smith’s point is that the two indictments to which *1002 he pleaded guilty related to a single transaction. He says that he and three other codefendants in those indictments, Huggins, Freeman and Miller, broke into a retail furniture store with the intent of breaking through a partition into an adjacent retail fur store. The two stores sit side by side under a common roof in a shopping center building in Manhasset, but differ in depths. It is claimed that the entry procedure was chosen to circumvent a burglar alarm problem in the fur store, where a robbery of coats worth over $16,000 is asserted. While en route to the fur store through the furniture store, the thieves were accused of taking some $14.98 from the furniture store. This assumed $14.98 theft, taken as a separate offense, leads to the problem at hand.
Section 70.25 of the Penal Law provides that: “ 2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.
“ 3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year ”.
Where the crimes to which a defendant has pleaded guilty are committed by a single act, consecutive terms of imprisonment are not permissible sentences. (People v. Nelson, 32 A D 2d 952.) However, where separate and distinct acts are committed, punishment for each of them is proper, even though they arise out of a single transaction. (People ex rel. Roberts v. Thomas, 30 A D 2d 802.) There is a distinction then under the Penal Law between a single act which constitutes a multiple crime (§ 70.25, subd. 2) and multiple crimes which are part of one transaction (§ 70.25, subd. 3). In the first circumstance, the sentences must be concurrent and not consecutive. In the second circumstance, however, once a prosecutional election is made for consecutiveness the sentencing limit is one year.
With this background in mind, we will turn to respondent’s contentions. First, is the habeas. corpus writ an appropriate procedure in the first place? The proceeding was started by Smith with a personal handwritten communication to the court from the county jail as a “ motion to set aside sentence”. When he appeared in court, his Legal Aid Society attorney pursued the matter as a writ of habeas corpus and the District Attorney treated it as a writ of habeas corpus. The Appellate *1003 Division, Second Department, has ruled that: “ an action should not be dismissed because it is in improper form, when the same relief is available in a special proceeding ”. (Board of Educ. of Cent. High School Dist. No. 2 v. Allen, 25 A D 2d 659, 660.) (See CPLR 103, 7001.)
Habeas corpus is a civil remedy and a special proceeding (CPLR 7001; People ex rel. Curtis v. Kidney, 225 N. Y. 299; People ex. rel. Simpkins v. Pilgrim State Hosp., 13 A D 2d 991), and civil proceedings are not generally to be dismissed because in improper form. Rather, the courts “ shall make whatever order is required ” for proper prosecution. (CPLR 103, subd. [c].) Moreover, the Court of Appeals has ruled that the right to invoke habeas corpus must take precedence over considerations of procedural conformity. (People ex rel. Keitt v. McMann, 18 N Y 2d 257; People v. Schildhaus, 8 N Y 2d 33.)
The Court of Appeals has upheld the propriety of writs of habeas corpus to challenge sentences exceeding statutory limits. (People ex rel. Carollo v. Brophy, 294 N. Y. 540; People ex rel. Tweed v. Liscomb, 60 N. Y. 559.) Since the issue here is whether the County Court Judge had the statutory power to sentence Smith for two consecutive sentences exceeding one year in total, habeas corpus is appropriate. Two other Judges of this court have sustained such writs in proceedings cited below releasing two of Smith’s very coparticipants from excessive sentencing in this transaction.
Is then the writ premature % Respondent believes that it could only be brought after the offensive second sentence has already begun. CPLR 7002 (subd. [a]), cited by respondent, is silent on the time of bringing the writ. It deals in terms with inquiry into the cause or legality of detention. Actually, when his writ was first brought, Smith believed he was entitled to immediate release based on some previous time served. Inquiry by the court led, however, to the mutually accepted conclusion that November 26, 1971 was the first release date with credit for good behavior. Since the remaining sentence time was short, the court determined in its discretion to proceed. See, People ex rel. Prosser v. Martin (208 Misc. 875, affd. 281 App. Div. 1008, affd. 306 N. Y. 710) effecting a future grant of a writ of habeas corpus.
Principles of timeliness in criminal matters, as set forth in People ex rel. Smith v. McMann (29 A D 2d 594) and People ex rel. Dote v. Martin (294 N. Y. 330) cited by respondent, must give way where considerations of practicality and necessity dictate. (People ex rel. La Belle v. Harriman, 35 A D 2d 13.)
*1004 The glut of the court calendars and the congestion of the jails mandate that courts should address themselves expeditiously to matters at hand. Moreover, the point has become almost moot by lapse of time. Friday, November 26, the release date, now falls on the very next court day after this decision. To wait until the next court day after that is senseless in terms of the legitimate policy of the law, and would necessarily result in Smith spending the weekend unlawfully in jail. To move the writ to Monday, when it would be timely without dispute, is to recall the Mad Hatter of Alice’s Wonderland. “I want a clean cup ”, interrupted the Hatter at the mad tea party, “ Let’s all move one place on.”
With the procedural parts peeled away, the substance surfaces. Smith cites the decision of Mr. Justice L. Kingsley Smith (People ex rel. Huggins v. Flood, Nassau County, Sup. Ct., Aug. 20, 1971, Indictment No. 27,443) freeing his codefendant Huggins on a habeas corpus writ and contends that this collaterally estops the respondent in this proceeding.
Mr. Justice Smith found that the two consecutive one-year sentences also imposed on Huggins were violative of subdivision 3 of section 70.25 of the Penal Law and, by sustaining a writ of habeas corpus, directed Huggins’ release. He pointed out that respondent, on the record there, failed to demonstrate “ other than one continuing transaction ”. The same rationale applies to this case. Respondent offered no testimony with respect to transactional characterization. While respondent in argument claims there was more than one transaction, he did. not offer any evidence to support his claim other than to refer to the record of the crime which was in substantial effect the record before Mr. Justice Smith. Accordingly, this court rules, as did Mr. Justice Smith, that respondent fails to establish that the acts acknowledged in the plea of guilty were other than one continuing transaction.
There is no apparent published authority as to the definition of the word ‘ ‘ transaction ’ ’ within subdivision 3 of section 70.25 of the Penal Law. Black’s Law Dictionary (4th ed.) defines a “transaction” as “an act or * * * several acts * * * having some connection with each other ”. Here, the breaking into the furniture store was claimed to be with the purpose of circumventing the electric alarm system of the adjoining fur store. The court believes that on the record the taking of $14.98 from the furniture store can be reasonably deemed incidental to the robbery from the target premises of $16,000 in coats, and part of the immediate proximate chain of crime. The entire *1005 circumstance seems, within the statutory concept, one transaction. The respondent stakes much on relator’s admission that he went into the furniture store and “ at another time during that day ’ ’ the fur store. But this is not conclusive or even persuasive. Subdivision 3 of section 70.25 of the Penal Law refers in terms to offenses which are parts of a single transaction. This may mean two or more acts. If one act of a transaction takes place at 12:01, the next act taking place in that transaction at 12:02 necessarily takes place at another time during that day. Perhaps here the respondent confuses subdivision 2 of section 70.25 of the Penal Law, dealing with two offenses committed by one act leading to concurrency of sentence.
Interestingly, the indictment itself states: ‘ ‘ All of the acts and transactions alleged in each of the several counts of this indictment are connected together and form part of a common scheme and plan”.
As a criminal statute, subdivision 3 of section 70.25 of the Penal Law must be strictly construed. Unfortunately, the draftsmen opted for generality, and left the i¡5sue of “ transaction ” to an evidentiary finding, although the statute itself makes plain that a transaction may consist of two or more acts. The question here is a close one, but in our tradition substantial doubt must be resolved in favor of a criminal accused. Respondent has submitted insufficient proof to establish multiplicity of transaction.
Does Mr. Justice Smith’s decision, in any event, estop respondent from raising here the issue of multiple transaction? Certainly, there is a stare decisis involved. But, relator Smith asserts a collateral estoppel against respondent, a doctrine which prevents relitigation of a question already determined by a court having general jurisdiction of the subject.
As described in Weinstein-Korn-Miller, New York Civil Practice (Vol. 5, par. 5011.23, p. 50-114): “ The doctrine of collateral estoppel prevents a party from denying or asserting a given proposition of law or fact because that issue has been determined in a prior action not involving the same cause of action in which the party, or one in privity with him, participated ’ ’. (See, also, People v. Lo Cicero, 14 N Y 2d 374, 380.)
Collateral estoppel may rise from a habeas corpus proceeding. (Casler v. State of New York, 33 A D 2d 305.) To the extent of the facts and issues actually presented to Mr. Justice Smith, it appears that some estoppel should fetter respondent in this proceeding, although due to the fuzzy nature of these particular proceedings the court does not so hold.
*1006 At the very least, the treatment of Huggins ’ acts as one continuing transaction makes it unjust and unfair on the same facts to treat Smith’s identical acts as two transactions.
It might also be noted here that on November 9, 1971, Mr. Justice Daniel Albert of this same court, in yet another habeas corpus proceeding, directed the release of a third codefendant, Freeman, on the ground that his consecutive sentences could not exceed one year, because there was a single transaction. (People ex rel. Freeman v. Huggins, Nassau County Sup. Ct., Indictment No. 27,443.) To the court’s knowledge, neither the Huggins nor Freeman decision has been appealed to this date.
Assuming that the crimes here are part of a single transaction, it is pertinent to inquire whether Smith waived his rights to a limited sentence by his plea bargain. A waiver of rights in criminal proceedings must be intelligent and informed. (United States ex rel. Bennett v. Myers, 381 F. 2d 814, cert, den. 390 U. S. 973, rehearing den. 390 U. S. 1046.) The minutes of the sentencing procedure for Smith do not spell out an informed waiver of rights under subdivision 3 of section 70.25 of the Penal Law. Nor is there any evidence that the County Court or counsel even had that section in mind in the plea bargaining or sentencing procedures.
But, this question of waiver is moot, for the County Court does not have the power to enlarge its statutory .sentencing power, specifically here (Penal Law, § 70.25, subd. 3). The point is not whether Smith waived, but whether the County Court had the power to sentence consecutively beyond one year in a single transaction situation. In People v. Lopez (Hector) (28 N Y 2d 148, 152) the Court of Appeals clearly opined that a plea bargain cannot vitiate subdivision 3 of section 70.25 of the Penal Law: “ In the statute before us nothing could be more clear and explicit than the imperative: ‘ The aggregate of the terms of such sentences shall not exceed one year ’ (Penal Law, § 70.25, subd. 3). Surely a Judge, a prosecutor and a defendant cannot by agreement restructure substantive law to fit their notion of what is more appropriate in a particular case ”.
The court therefore finds relator Smith was improperly sentenced to consecutive terms exceeding one year in the aggregate. The writ is sustained, and respondent is directed to release relator at the conclusion of the one-year sentence for Indictment No. 27,443, with such good behavior allowance as he may be entitled to, and that sentence shall also be in satisfaction of Indictment No. 27,444.