Jasen, J.
(dissenting in People v Morse and People v Frank). Today the majority holds that the defendant in People v Morse, who stands convicted of robbery in the first degree and burglary in the first degree and has two prior convictions for previous separate crimes of robbery in the first degree to which he pleaded guilty in satisfaction of 17 *227 separate indictments for 17 different robberies on 17 different days in 1972 and 1973, cannot be sentenced as a persistent violent felony offender, merely because the sentences for his two prior convictions were imposed on the same date. Likewise, the majority holds the same for the defendant in People v Frank who stands convicted of burglary in the first degree and had two prior convictions for previous separate crimes of burglary in the second degree and robbery in the second degree. With that portion of the majority’s opinion, I cannot 
In my view, because the defendants in Morse and Frank had multiple prior violent felony convictions, they were correctly adjudicated persistent violent felony offenders under section 70.08 of the Penal Law (hereafter the “persistent-violent statute”), and their sentences ought to be affirmed. I strongly disagree with the majority’s position that a defendant may not be sentenced as a persistent offender, regardless of the number of prior violent felony convictions, unless, in addition to that, the defendant has already received at least two separate sentences as a result of those convictions. The persistent-violent statute is utterly devoid of such a requirement. Nevertheless, the majority has lifted the requirement from the penal section applicable to persistent (nonviolent) felony offenders (Penal Law, §,70.10, subd 1, par [c]) (hereafter the “persistent-nonviolent statute”), whose provisions are explicitly inapplicable to persistent violent offenders (§ 70.10, subd 1, par [a]), and appended it to the persistent-uioZeni statute (§ 70.08), which otherwise clearly contains no such provision. In effect, the majority finds in the persistent-uioZerci statute a requirement which, I believe, the Legislature chose to exclude.
Furthermore, this case does not involve a statute which, as unmodified, is either constitutionally infirm, lacking in *228 rationale or fundamentally unjust, and, therefore, would warrant a heightened exercise of judicial scrutiny. (See United States v Carotene Prods. Co., 304 US 144, 152-153, n 4.) Rather, this is simply a case where the majority deduces from the legislative history of related statutes a different policy from that enunciated in the subject statute as it is written. An examination of the statutory scheme for repeat felony offenders clearly demonstrates that under the persistent-violent statute there is no requirement for multiple separate prior sentences. Rather, multiple prior convictions are sufficient to trigger its enhanced sentencing provisions.
The statutory provisions pertaining to persistent violent felony offenders are in critical respects different from those applicable to persistent (nonviolent) felony offenders. The persistent-nonviolent statute specifically requires that a defendant have received at least two separate prior sentences before being subject to enhanced punishment for a subsequent felony conviction. It does so by explicitly providing that: “For the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.” (Penal Law, § 70.10, subd 1, par [c].) Hence, under the provisions for nonviolent offenders, all previous convictions committed prior to the first sentence imposed are considered to be only one predicate conviction for the purpose of determining whether a repeat offender should be sentenced as a persistent or only a second offender. Where a defendant has received only one previous sentence, regardless of the actual number of prior convictions, that defendant may only be sentenced as a second offender. Only where a defendant has received at least two separate prior sentences may that defendant be sentenced as a persistent offender.
Contrawise, however, there is no such provision in the persistent-uzoZeni statute. Though its format is similar to that of the persistent-nonviolent statute, where the latter explicitly contains the requirement for multiple separate prior sentences, the former is utterly silent. Contrary to *229 the majority’s contention, this silence does not complicate matters but, rather, it simplifies interpretation by accentuating the contrast between the two statutes. Indeed, this is particularly true in light of the fact that the statutory definition of a persistent (nonviolent) felony offender, including the requirement of multiple separate prior sentences, explicitly states that its provisions do not apply to a persistent violent felony offender. (Penal Law, § 70.10, subd 1, par [a].)[2] There can be no clearer legislative statement that the provisions of section 70.08 of the Penal Law governing persistent violent felony offenders were intended to be independent arid distinct from those of section 70.10 of the Penal Law pertaining to persistent (nonviolent) felony offenders. In fact, the statute, enacted in 1978, in addition to not containing a requirement for multiple separate prior sentences, is quite different as well in other important respects from the persistent-nonviolent statute already in existence since 1965, further demonstrating the majority’s error in attempting to read the two separate statutes as twins.
The persistent-nonviolent statute requires that the defendant have actually served previous sentences of imprisonment. It provides, in pertinent part, that:
“A previous felony conviction within the meaning of paragraph (a) of this subdivision is a conviction of a felony in this state, or of a crime in any other jurisdiction, provided:
“(i) that a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed therefor; and
“(fi) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; and
“(in) that defendant was not pardoned on the ground of innocence.” (Penal Law, § 70.10, subd 1, par [b].)
*230 As the majority acknowledges, there is no such requirement contained in the persistent-yioZeni statute. Instead, it is sufficient under the latter that the defendant have had a prior “[sjuspended sentence, suspended execution of sentence, a sentence of probation, a sentence of conditional discharge or of unconditional discharge, [or] a sentence of certification to the care and custody of the division of substance abuse services”. (Penal Law, § 70.08, subd 1, pars [a], [b]; § 70.04, subd 1, par [b], cl [iii].) The persistent violent offender scheme is clearly intended to be stricter than the nonviolent scheme, permitting enhanced sentencing of a repeat violent felony offender whether or not that offender has already been incarcerated and released twice before.
Likewise, the persistent-aioZe?ii statute differs from the nonviolent one in the sentences authorized. Again, the former is harsher. The statute mandates the imposition of an indeterminate life sentence. (Penal Law, § 70.08, subds 2, 3.) By contrast, the persistent-nonviolent one permits a greater measure of leniency, authorizing the sentencing court to exercise discretion in imposing a range of permissible sentences. (Penal Law, § 70.10, subd 2.)
Moreover, while the persistent-nonaioZeni statute contains its own definition of qualifying predicate convictions, listing certain specific requirements that must be satisfied, including multiple separate prior sentences of imprisonment (Penal Law, § 70.10, subd 1, pars [b], [c]), it is significant that the persistent-yioZerci statute does not rely upon or even refer to that definition. Rather, while it does not contain its own separate definition, it explicitly incorporates the provisions of the second violent felony offender statute (hereafter the “second-violent statute”) which, in turn, requires only that the predicate convictions be prior to the commission of the present felony and that some previous sentence have been imposed. (Penal Law, § 70.04, subd 1, par [b].) There is plainly no requirement, either expressed or to be inferred, that multiple separate sentences must precede adjudication of a defendant as a persistent violent offender.
*231 Additionally, further examination of the second-violent statute reveals yet another significant difference between the violent and nonviolent recidivist statutory schemes. The statute defines a second violent felony offender as one “having previously been subjected to a predicate violent felony conviction”. (Emphasis added.) (Penal Law, § 70.04, subd 1, par [a].) Only one prior conviction is necessary. Whenever a violent offender already has more than one previous conviction, that offender no longer falls within the scope of the second-violent statute but, rather, the persistent-violent one. By sharp contrast, the second (nonfelony offender statute defines a second offender as a person “having previously been subjected to one or more predicate felony convictions”. (Emphasis added.) (Penal Law, § 70.06, subd 1, par [a].) Hence, under the nonviolent recidivist scheme, although a convicted defendant has several prior convictions, that defendant may still fall within the provisions of the second offender statute rather than the persistent one. Such would be the case, for example, where the prior convictions did not result in sentences of imprisonment or where those sentences were not separately imposed. But the violent recidivist statutory scheme makes no allowance for such exceptions. Only an offender having a single prior violent felony conviction falls within the scope of the second-violent statute. Any offender with more than one such predicate, regardless of whether that offender has previously received separate sentences of imprisonment, is covered by the persistent-violent statute.
In my view, the majority’s attempt to analogize the violent with the nonviolent recidivist statutory scheme is mistaken, and their interpretation of the statutory language is forced. Indeed, the majority does not really interpret the persistent-violent statute; they amend it. The statutory language clearly does not say what the majority holds that it does. There is simply no such requirement for multiple separate prior sentences as invoked by the majority. To be sure, it is a basic rule of statutory construction that where the provisions of one statute differ from that of another, it is reasonable to assume that a distinction was intended. (Matter of Albano v Kirby, 36 NY2d 526, 530.) Here, where a specific requirement for multiple separate *232 prior sentences is explicitly stated in the persistent-nonui-olent statute and not mentioned in the persistent-yzoZerci statute, “‘an irrefutable inference must be drawn that what is omitted or not included [in the latter] was intended to be omitted or excluded’ ”.[3] (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205,208-209, quoting McKinney’s Cons Laws of NY, Book 1, Statutes, § 240; see, also, Felt v Felt, 62 NY2d 691.) A statute, as enacted by the Legislature and signed into law by the Governor, stands for what its words unambiguously manifest, not for the unstated requirements for which the majority infers support in the legislative history of related recidivist statutes. (People v Graham, 55 NY2d 144, 151; McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) The persistent-violent statute expressly requires only multiple prior violent felony convictions, not multiple separate prior sentences, and its provisions ought to be applied accordingly.
Of course, it has been a long-standing legislative and judicial policy in this State to consider multiple prior convictions for crimes which share the same time, place and nature as one predicate for the purposes of recidivist statutes. (See, e.g., People ex rel. Janosko v Fay, 6 NY2d 82, 87-88; cf. People v Taylor, 13 NY2d 675.) But in neither People v Morse nor People v Frank, before us today, is there any such identity or proximity of the prior convictions justifying their treatment as one. Though in each case the defendant had been convicted of the subject prior violent felonies on a single day, in fact, each felony was distinct, having been committed on different days and in different places. Consequently, in neither case is there any requirement for deeming the multiple prior convictions to be one.
Accordingly, I would affirm the adjudications of persistent violent felony offender status and the sentences in both People v Morse and People v Frank.
In People v Covington, Vega and Johnson: Order affirmed.
*233 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Simons and Kaye concur.
In People v Morse: Order modified and case remitted to Supreme Court, Bronx County, for sentence in accordance with the opinion herein and, as so modified, affirmed.
In People v Frank: Order modified and case remitted to Supreme Court, New York County, for sentence in accordance with the opinion herein and, as so modified, affirmed.
Chief Judge Cooke and Judges Wachtler and Kaye concur with Judge Meyer; Judge Jasen dissents and votes to affirm in a separate opinion in which Judges Jones and Simons concur.

. Notwithstanding the majority’s protestations to the contrary (majority opn, p 214, n 3), under their rationale the critical obstacle to sentencing defendants in Morse and Frank as persistent offenders is the fact that in each case the prior sentences were imposed on the same day. In each of the subject cases, the sentences were imposed ‘before commission of the present felony” as the law requires. (Penal Law, § 70.08, subd 1, par [b]; § 70.06, subd 1, par [b], cl [ii].) They were not imposed, however, on different days between each of the separate prior felonies as, today, the majority requires. Thus, it would seem that the majority decides these two cases as it does only because the sentences were imposed at the same time.

. Contrary to the majority’s assertion (majority opn, p 222, n 10), we clearly do not “read Tthis provision] as rejecting sequentiality” standing by itself. We do, however, cite it for the meaning of its plain language, which is that the provisions of the persistent-nonviolent statute cannot be read into the persistent-violent statute as the majority nevertheless attempts to do. (See majority opn, pp 221-222.)

. Despite the majority’s interpretive efforts in discovering a requirement for multiple separate prior sentences in the persistent-violent statute (majority opn, pp 223-224) and their criticism of the dissent for failing to find the same (p 223, n 11), it should be apparent even to the casual reader that such a requirement is simply not there. (Compare Penal Law, § 70.10, subd 1, pars [a], [b] and [c], with § 70.08, subd 1, pars [a] and [b], but no [e].)